# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| FLEET CONNECT SOLUTIONS LLC, | CIVIL ACTION NO. 6:21-cv-1306 |
|---|---|
| Plaintiff, | |
| v. | |
| MV TRANSPORTATION, INC., and MV CONTRACT TRANSPORTATION, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Fleet Connect Solutions LLC ("FCS") files this complaint against MV Transportation, Inc. ("MV Transportation") and MV Contract Transportation, Inc. ("MV Contract") (collectively "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of the following United States Patents (collectively, the "Asserted Patents"), copies of which are attached hereto as **Exhibit A, Exhibit B, Exhibit C, Exhibit D**, and **Exhibit E**, respectively:

|    | U.S. Patent No. | Title |
|----|-----------------|-------|
| A. | 7,260,153 | Multi Input Multi Output Wireless Communication Method And Apparatus Providing Extended Range And Extended Rate Across Imperfectly Estimated Channels |
| B. | 7,596,391 | System And Method For Wireless Communication Between A Vehicle And A Mobile Unit |
| C. | 7,599,715 | System And Method For Matching Wireless Devices |
| D. | 7,656,845 | Channel Interference Reduction |
| E. | 8,005,053 | Channel Interference Reduction |

2. Plaintiff seeks injunctive relief and monetary damages.

1

## PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

4. MV Transportation is a corporation organized under the laws of the State of California with its principal place of business located at 2711 N. Haskell, Dallas, Texas, 75204. MV Transportation's registered agent for service is Corporate Service Company d/b/a/ CSC – Lawyers Incorporating Service, located at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

5. MV Contract is a corporation organized under the laws of the State of Delaware with a principal place of business located at 2711 N. Haskell, Dallas, Texas, 75204. MV Contract's registered agent for service is Corporate Service Company d/b/a/ CSC – Lawyers Incorporating Service, located at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

## JURISDICTION AND VENUE

6. FCS repeats and re-alleges the allegations in Paragraphs 1-5 as though fully set forth in their entirety.

7. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8. Venue is proper against Defendants in this District pursuant to 28 U.S.C. § 1400(b) and 1391(c) because they have maintained established and regular places of business in this District and have committed acts of patent infringement in the District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

9. Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendants' substantial business in

this judicial district, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

10.   Specifically, Defendants intend to do and do business in, have committed acts of infringement in, and continue to commit acts of infringement in the Western District of Texas directly, through intermediaries, by contributing to and through their inducement of third parties, and offer their products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in the Western District of Texas.

11.   Defendants maintain regular and established places of business in the Western District of Texas.

12.   For example, Defendants own, operate, manage, conduct business, and direct and control the operations and employees of facilities at several locations in the Western District of Texas, including, but not limited to, facilities at the following addresses:  9315 McNeil Rd, Austin, Texas, 78758 and 9718 N. Interstate 35, San Antonio, Texas, 78233.

13.   Defendants commit acts of infringement from this district, including, but not limited to, use of the Accused Instrumentalities and inducement of third parties to use the Accused Instrumentalities.

## THE ASSERTED PATENTS AND ACCUSED INSTRUMENTALITIES

14.   FCS repeats and re-alleges the allegations in Paragraphs 1-13 as though fully set forth in their entirety.

15.   Defendants use, cause to be used, provide, supply, or distribute one or more fleet management and tracking solutions, including, but not limited to, the Lytx DriveCam, electronic logging device ("ELD") solutions, Global Positioning System ("GPS") tracking, and the Lytx

DVIR management service and associated hardware, software, and functionality (the "Accused Instrumentalities").[1]

16. The Accused Instrumentalities perform wireless communications and methods associated with performing and/or implementing wireless communications including, but not limited to, wireless communications and methods pursuant to various protocols and implementations, including, but not limited to, Bluetooth, IEEE 802.11, IEEE 802.15, and IEEE 802.16 protocols and various subsections thereof, including, but not limited to, 802.11ac, 802.11b, and 802.11n.[2]

17. The wireless communications perform and/or implemented by the Accused Instrumentalities, among other things, transmit data over various media, compute time slot channels, generate packets for network transmissions, perform or cause to be performed error estimation in orthogonal frequency division multiplexed ("OFDM") receivers, and various methods of processing OFDM sybmols.

18. The Accused Instrumentalities provide "fleet management solutions" that "locate vehicles, protect your bottom line, address distracted driving, ensure DOT compliance, and review data from multiple systems, connecting all the dots to save you time and resources."[3]

---

[1] *See, e.g.,* **Exhibit F**, <https://www.lytx.com/en-us/fleet-management/drivecam> (captured December 15, 2021); *see also* **Exhibit G**, https://www.lytx.com/en-us/our-clients/who-we-serve (captured December 15, 2021).
[2] *See, e.g.*, **Ex. G**.
[3] *See, e.g.*, **Exhibit H**, <https://www.lytx.com/en-us/fleet-management> (captured December 15, 2021).

19.     The Accused Instrumentalities track or cause to be tracked vehicle and cargo locations and provide methods for enforcing various vehicle codes, including Department of Transportation compliance regulations.[4]

20.     For these reasons and the additional reasons detailed below, the Accused Instrumentalities practice at least one claim of each of the Asserted Patents.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,260,153

21.     FCS repeats and re-alleges the allegations in Paragraphs 1-20 as though fully set forth in their entirety.

22.     The United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 7,260,153 (the "'153 patent") on August 21, 2007, after full and fair examination of Application No. 10/423,447, which was filed on April 28, 2003. *See* **Ex. A**.

23.     FCS owns all substantial rights, interest, and title in and to the '153 patent, including the sole and exclusive right to prosecute this action and enforce the '153 patent against infringers and to collect damages for all relevant times.

24.     The claims of the '153 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of voice and data communications systems.

25.     The written description of the '153 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and

---

[4] *See, e.g.*, **Exhibit I**, https://www.lytx.com/en-us/fleet-management/dot-compliance (captured December 15, 2021)

improved upon what may have been considered conventional or generic in the art at the time of the invention.

26. Defendants have directly infringed the '153 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

27. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '153 patent.

28. For example, the Accused Instrumentalities used by Defendants perform a method for evaluating a channel of a multiple-input multiple-output ("MIMO") wireless communication system allowing two or more communication devices with multiple radiating elements to transmit parallel data sub-streams which defines a channel matrix metric of cross-talk signal-to-noise ("SNR") for the subs-streams, estimates the channel matrix metric, performs a singular value decomposition ("SVD") of the channel matrix metric estimate to calculate estimated channel singular values, and using the channel matrix metric and estimated channel singular values to calculate a crosstalk measure for the sub-streams.

29. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30. FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '153 patent.

31. Since at least the time of receiving the original complaint in this action, Defendants have also indirectly infringed the '153 patent by inducing others to directly infringe the '153 patent. Defendants have induced end-users, including, but not limited to, Defendants' employees,

partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '153 patent by providing or requiring use of the Accused Instrumentalities. Defendants took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '153 patent, including, for example, claim 1 of the '153 patent. Such steps by Defendants included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner. Defendants are performing these steps, which constitute induced infringement with the knowledge of the '153 patent and with the knowledge that the induced acts constitute infringement. Defendants are aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '153 patent. Defendants' inducement is ongoing.

32. Defendants have also indirectly infringed by contributing to the infringement of the '153 patent. Defendants have contributed to the direct infringement of the '153 patent by their personnel, contractors, and customers. The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '153 patent, including, for example, claim 1 of the '153 patent. The special features constitute a material part of the invention of one or more of the claims of the '153 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants' contributory infringement is ongoing.

33. Defendants had knowledge of the '153 patent at least as of the date when they were notified of the filing of this action.

34. Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

35. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

36. Defendants' direct infringement of the '153 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

37. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. FCS has and will continue to suffer this harm by virtue of Defendants' infringement of the '153 patent. Defendants' actions have interfered with and will interfere with FCS's ability to license technology. The balance of hardships favors FCS's ability to commercialize its own ideas and technology. The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,596,391

39. FCS repeats and re-alleges the allegations in Paragraphs 1-38 as though fully set forth in their entirety.

40. The USPTO duly issued U.S. Patent No. 7,596,391 (hereinafter, the "'391 patent") on September 29, 2009 after full and fair examination of Application No. 12/389,252 which was filed on February 19, 2009. *See* **Ex. B**. A Certificate of Correction was issued on June 4, 2013. *See id.*

41. FCS owns all substantial rights, interest, and title in and to the '391 patent, including the sole and exclusive right to prosecute this action and enforce the '391 patent against infringers and to collect damages for all relevant times.

42. The claims of the '391 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting methods and systems for wireless communications between mobile units and vehicles.

43. The written description of the '391 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

44. Defendants have directly infringed the '391 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

45. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '391 patent.

46. For example, the Accused Instrumentalities used by Defendants perform a method of wireless communication between a mobile unit including a processor and a vehicle including a transceiver by receiving a signal comprising a security field and a unique identifier by the mobile unit that is transmitted from the vehicle, advising that the mobile unit is within range of the vehicle, the microprocessor determining if the signal is authorized by parsing the signal to determine the security field and the unique identifier, inputting a voice-activated input and/or a manual input that is associated with a control instruction from a user of the mobile unit *via* an audio-visual interface

associated with the mobile unit, assembling, by the microprocessor, at least one packet of a communication comprising the control instruction, that is transmitted to the vehicle, displaying that the control instruction was input by the user, displaying that the control instruction was input by the user, and storing the communication in a communication log.

47. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

48. FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '391 patent.

49. Defendants had knowledge of the '391 patent at least as of the date when they were notified of the filing of this action.

50. Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

51. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

52. Defendants' direct infringement of the '391 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

53. FCS has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54. FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. FCS has and will continue to suffer this harm by virtue of Defendants' infringement of the '391 patent. Defendants' actions have interfered with and will interfere with FCS's ability to license technology. The balance of hardships favors FCS's ability to commercialize its own ideas and technology. The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,599,715

55. FCS repeats and re-alleges the allegations in Paragraphs 1-54 as though fully set forth in their entirety.

56. The USPTO duly issued U.S. Patent No. 7,599,715 (hereinafter, the "'715 patent") on October 6, 2009 after full and fair examination of Application No. 12/389,245 which was filed on February 19, 2009. *See* **Ex. C**. A Certificate of Correction was issued on June 25, 2013. *See id.*

57. FCS owns all substantial rights, interest, and title in and to the '715 patent, including the sole and exclusive right to prosecute this action and enforce the '715 patent against infringers and to collect damages for all relevant times.

58. The claims of the '715 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems for tracking vehicle maintenance information in wireless communication systems.

59. The written description of the '715 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and

11

improved upon what may have been considered conventional or generic in the art at the time of the invention.

60. Defendants have directly infringed the '715 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

61. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 31 of the '715 patent.

62. For example, the Accused Instrumentalities used by Defendants perform a method of tracking vehicle maintenance information by a wireless communication system by receiving a signal comprising a vehicle identifier and a status of the vehicle that is transmitted by a vehicle comprising a mobile unit, storing the signal in a first communication log that includes the vehicle identifier, a transmission time, a transmission date, and the status, determining maintenance information associated with the vehicle by parsing the signal to determine the vehicle identifier and the status, constructing a communication comprising at least one communication packet comprising the maintenance information, an address, and an identification of the vehicle, forwarding at least one communication packet to a router, transmitting at least one communication packet over the Internet by the router *via* the address, and storing the communication through the Internet in a second communication log.

63. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

64. FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '715 patent.

65. Defendants had knowledge of the '715 patent at least as of the date when they were notified of the filing of this action.

66. Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

67. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

68. Defendants' direct infringement of the '715 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

69. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

70. FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. FCS has and will continue to suffer this harm by virtue of Defendants' infringement of the '715 patent. Defendants' actions have interfered with and will interfere with FCS's ability to license technology. The balance of hardships favors FCS's ability to commercialize its own ideas and technology. The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,656,845

71. FCS repeats and re-alleges the allegations in Paragraphs 1-70 as though fully set forth in their entirety.

72.     The USPTO duly issued U.S. Patent No. 7,656,845 (hereinafter, the "'845 patent") on February 2, 2010 after full and fair examination of Application No. 11/402,172 which was filed on April 11, 2006.  *See* **Ex. D**.  A Certificate of Correction was issued on November 30, 2010.  *See id.*

73.     FCS owns all substantial rights, interest, and title in and to the '845 patent, including the sole and exclusive right to prosecute this action and enforce the '845 patent against infringers and to collect damages for all relevant times.

74.     The claims of the '845 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of wireless communication with a mobile unit.

75.     The written description of the '845 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

76.     Defendants have directly infringed the '845 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

77.     Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 12 of the '845 patent.

78.     For example, the Accused Instrumentalities used by Defendants provide a system comprising a processor, a first transceiver configured to communicate *via* a first medium, a second transceiver configured to communicate *via* a second medium, wherein at least one of the first

transceiver and the second transceiver is configured to retry transmission of a packet at a lower rate if a prior transmission of the packet is not acknowledged, an allocation unit configured to dynamically allocate data channels to one of the first medium and the second medium based upon a desired level of service.

79. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

80. FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '845 patent.

81. Defendants had knowledge of the '845 patent at least as of the date when they were notified of the filing of this action.

82. Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

83. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

84. Defendants' direct infringement of the '845 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

85. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

86. FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  FCS has and will continue to suffer this harm by virtue of Defendants' infringement of the '845 patent.  Defendants' actions have interfered with and will interfere with FCS's ability to license technology.  The balance of hardships favors FCS's ability to commercialize its own ideas and technology.  The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,005,053

87. FCS repeats and re-alleges the allegations in Paragraphs 1-86 as though fully set forth in their entirety.

88. The USPTO duly issued U.S. Patent No. 8,005,053 (hereinafter, the "'053 patent") on August 23, 2011 after full and fair examination of Application No. 12/696,760 which was filed on January 29, 2010.  *See* **Ex. E**.  A Certificate of Correction was issued on February 14, 2012.  *See id.*

89. FCS owns all substantial rights, interest, and title in and to the '053 patent, including the sole and exclusive right to prosecute this action and enforce the '053 patent against infringers and to collect damages for all relevant times.

90. The claims of the '053 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of data transmission in wireless communication systems.

91. The written description of the '053 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and

improved upon what may have been considered conventional or generic in the art at the time of the invention.

92. Defendants have directly infringed the '053 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

93. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '053 patent.

94. For example, the Accused Instrumentalities used by Defendants provide an apparatus comprising a first wireless transceiver configured to communicate data according to a first wireless protocol, a second wireless transceiver configured to communicate data according to a second wireless protocol that is different from the first wireless protocol, and a controller configured to select one of the first and second wireless transceivers to communicate data of both the first and second wireless protocols, wherein the apparatus is configured to encode data of the wireless protocol for the unselected transceiver into data of the wireless protocol for the selected transceiver.

95. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

96. FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '053 patent.

97. Defendants had knowledge of the '053 patent at least as of the date when they were notified of the filing of this action.

98. Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

99. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

100. Defendants' direct infringement of the '053 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

101. FCS has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

102. FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. FCS has and will continue to suffer this harm by virtue of Defendants' infringement of the '053 patent. Defendants' actions have interfered with and will interfere with FCS's ability to license technology. The balance of hardships favors FCS's ability to commercialize its own ideas and technology. The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

103. FCS hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

104. FCS requests that the Court find in its favor and against Defendants, and that the Court grant FCS the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendants or others acting in concert therewith;

b. A permanent injunction enjoining Defendants and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities;

c. Judgment that Defendants account for and pay to FCS all damages to and costs incurred by FCS because of Defendants' infringing activities and other conduct complained of herein;

d. Judgment that Defendants' infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award FCS its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 15, 2021                Respectfully submitted,


By: */s/ James F. McDonough, III*

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@RHMtrial.com

C. Matthew Rozier (CO 46854)**
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@RHMtrial.com

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
Travis E. Lynch (GA 162373)*
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone: (470) 840-9505, -9517, -9514
Email: jim@RHMtrial.com
Email: miller@RHMtrial.com
Email: lynch@RHMtrial.com

*Attorneys for Plaintiff Fleet Connect Solutions LLC*

*Admitted to the Western District of Texas
** Admission *Pro Hac Vice* anticipated


**List of Exhibits**

A. U.S. Patent No. 7,260,153
B. U.S. Patent No. 7,596,391
C. U.S. Patent No. 7,599,715
D. U.S. Patent No. 7,656,845
E. U.S. Patent No. 8,005,053
F. Website: Lytx DriveCam Event Recorder
G. Website: Lytx Clients
H. Website: Lytx Comprehensive, all-in-one fleet management solutions
I. Website: Lytx DOT Compliance Solutions